# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **REGALO INTERNATIONAL, LLC** | ) ) ) ) |
| *Plaintiff,* | ) Civil Action No. 15-cv -_____ ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| **MUNCHKIN, INC.** | ) ) |
| *Defendant.* | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, plaintiff Regalo International, LLC ("Regalo"), by and through its undersigned counsel, and for its complaint against the defendant Munchkin, Inc. ("Munchkin"), avers as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, specifically for patent infringement pursuant to the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq*.

## THE PARTIES

2. Regalo is a limited liability company organized under the laws of the State of Minnesota, having a place of business at 3200 Corporate Center Dr., Suite 100, Burnsville, MN 55306.

3. Upon information and belief, defendant Munchkin is a corporation organized under the laws of the State of Delaware, having its principal place of business at 7835 Gloria Avenue, Van Nuys, California 91406.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a) in that this action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, and 283-285.

5. This Court has personal jurisdiction over Munchkin at least because Munchkin has substantial, continuing, and on-going contacts with the State of Delaware and this judicial district, and Munchkin has sold and continues to sell the products at issue in this case into the State of Delaware and this judicial district.

6. Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b)-(d) and § 1400(b) in that acts of patent infringement are occurring within this judicial district, and Munchkin is subject to personal jurisdiction in this District.

7. Munchkin is in the business of manufacturing, selling and offering for sale infant and children's goods, including bed rails, safety gates and similar devices.

## **FACTS**

8. On November 21, 2006, U.S. Patent No. 7,137,158 ("'158 patent") was issued by the PTO. On August 7, 2012 an *Ex Parte* Reexamination Certificate was issued for the '158 patent by the PTO. A true and correct copy of the '158 patent and the *Ex Parte* Reexamination Certificate of the '158 patent are attached to this Complaint as Exhibit A.

9. The '158 patent and the *Ex Parte* Reexamination Certificate of the '158 patent are incorporated by reference as if fully set forth herein.

10. The claims of the '158 patent, as confirmed by the *Ex Parte* Reexamination Certificate of the '158 patent, are valid and enforceable.

11. The '158 patent discloses and claims various novel and unique features relating to bed rails for engagement to a bed.

12. Regalo is the assignee of all right, title, and interest in and to the '158 patent via a chain-of-title, including an assignment, which was recorded at the PTO on April 1, 2008 at Reel 20733, beginning at Frame 879. Regalo possesses all rights of recovery under the '158 patent, including the right to sue for past infringement, recourse for damages, and to seek injunctive relief.

13. On February 20, 2007, U.S. Patent No. 7,178,184 ("'184 patent") was issued by the PTO. On August 28, 2012, an *Ex Parte* Reexamination Certificate for the '184 patent was issued by the PTO. A true and correct copy of the '184

patent and the *Ex Parte* Reexamination Certificate of the '184 patent are attached to this Complaint as Exhibit B.

14. The '184 patent and the *Ex Parte* Reexamination Certificate of the '184 patent are incorporated by reference as if fully set forth herein.

15. The claims of the '184 patent, as confirmed by the *Ex Parte* Reexamination Certificate of the '184 patent, are valid and enforceable.

16. The '184 patent discloses and claims various novel and unique features relating to bed rails for engagement to a bed.

17. Regalo is the assignee of all right, title, and interest in and to the '184 patent via a chain-of-title, including an assignment, which was recorded at the PTO on April 1, 2008 at Reel 20733, beginning at Frame 879. Regalo possesses all rights of recovery under the '184 patent, including the right to sue for past infringement, recourse for damages, and to seek injunctive relief.

18. On October 15, 2013, U.S. Patent No. 8,555,436 ("'436 patent") was issued by the PTO. A true and correct copy of the '436 patent is attached to this Complaint as Exhibit C.

19. The '436 patent is incorporated by reference as if fully set forth herein.

20. The claims of the '436 patent are valid and enforceable.

21. The '436 patent discloses and claims various novel and unique features relating to bed rails for engagement to a bed.

22. Regalo is the assignee of all right, title, and interest in and to the '436 patent via a chain-of-title, including an assignment, which was recorded at the PTO on December 26, 2011 at Reel 27444, beginning at Frame 372. Regalo possesses all rights of recovery under the '436 patent, including the right to sue for past infringement, recourse for damages, and to seek injunctive relief.

23. Munchkin has not sought, nor obtained, a license under the '158 patent, the '184 patent, or the '436 patent ("Asserted Patents") and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the inventions disclosed and claimed in the Asserted Patents.

24. Upon information and belief, for all times relevant to this Complaint, Munchkin has been making, using, manufacturing, selling or offering for sale products covered by one or more claims of the Asserted Patents, and continues to do so to this day. By way of example, these products include, but are not limited to: Munchkin's MK0032 Toddler Safety Bed Rail and Munchkin's MKCA0509 Bedrail ("Initially Accused Products").

25. A sample of Munchkin's MK0032 Toddler Safety Bed Rail was purchased in the State of Delaware on November 24, 2015 and a sample of

Munchkin's MKCA0509 Bedrail was also purchased. Copies of the "Instruction Manuals," which accompanied the Initially Accused Products are attached hereto as Exhibits D and E, respectively.

26. On information and belief, Munchkin knew or should have known that the Initially Accused Products would be and is placed in the stream of U.S. commerce and actively offered for sale or sold to residents in the State of Delaware and elsewhere within this judicial district.

## COUNT I
## INFRINGEMENT OF THE CLAIMS OF THE '158 PATENT

27. Regalo re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. The claims of the '158 patent are presumed valid pursuant to 35 U.S.C. § 282.

29. All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '158 patent.

30. Upon information and belief, Munchkin has been and is currently engaging in acts which constitute infringement of one or more claims of the '158 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

31. Upon information and belief, for all times relevant, Munchkin introduced into the marketplace the Initially Accused Products.

32. Upon information and belief, Munchkin has been and is directly infringing the '158 patent by making, using, offering to sell or selling, in the United States, without authority, the Initially Accused Products that practice one or more claims of the '158 patent in violation of 35 U.S.C. § 271(a).

## COUNT II
## INFRINGEMENT OF THE CLAIMS OF THE '184 PATENT

33. Regalo re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34. The claims of the '184 patent are presumed valid pursuant to 35 U.S.C. § 282.

35. All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '184 patent.

36. Upon information and belief, Munchkin has been and is currently engaging in acts which constitute infringement of one or more claims of the '184 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

37. Upon information and belief, for all times relevant, Munchkin introduced Munchkin's MK0032 Toddler Safety Bed Rail into the marketplace.

38. Upon information and belief, Munchkin has been and is directly infringing the '184 patent by making, using, offering to sell or selling, in the United States, without authority, Munchkin's MK0032 Toddler Safety Bed Rail

that practices one or more claims of the '184 patent, in violation of 35 U.S.C. § 271(a).

## COUNT III
## INFRINGEMENT OF THE CLAIMS OF THE '436 PATENT

39. Regalo re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. The claims of the '436 patent are presumed valid pursuant to 35 U.S.C. § 282.

41. All requirements of 35 U.S.C. § 287 have been satisfied with respect to the '436 patent.

42. Upon information and belief, Munchkin has been and is currently engaging in acts which constitute infringement of one or more claims of the '436 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

43. Upon information and belief, for all times relevant, Munchkin introduced the Initially Accused Products into the marketplace.

44. Upon information and belief, Munchkin has been and is directly infringing the '436 patent by making, using, offering to sell or selling, in the United States, without authority, the Initially Accused Products that practice one or more claims of the '436 patent, in violation of 35 U.S.C. § 271(a).

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Regalo International, LLC prays for judgment in its favor and against defendant Munchkin, Inc. and requests that this Court:

(a)     enter a finding and a judgment in favor of Regalo and against Munchkin for patent infringement in an amount to be ascertained and in an amount adequate to compensate Regalo for Munchkin's infringement of one or more claims of the Asserted Patents, including, but not limited to, Munchkin's profits, but in no event less than a reasonable royalty for the use made of the claimed inventions of the Asserted Patents by Munchkin together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

(b)     enter preliminary and permanent injunctions against further and continued infringement of the claims of the Asserted Patents by Munchkin as provided by 35 U.S.C. § 283;

(c)     declare that this case is exceptional and award Regalo its reasonable attorney fees as the prevailing party, as provided by 35 U.S.C. § 285; and

9

(d) grant Regalo all such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| November 30, 2015 | **PANITCH SCHWARZE BELISARIO & NADEL, LLP** |
| **Of Counsel:** | By: /s/Dennis J. Butler |
| Frederick A. Tecce | Dennis J. Butler (Bar No. 5981) |
| One Commerce Square | Wells Fargo Tower |
| 2005 Market Street, Suite 2200 | 2200 Concord Pike, Suite 201 |
| Philadelphia, PA 19103 | Wilmington, DE 19803 |
| Telephone: (215) 965-1330 | Telephone: (302) 394-6030 |
| ftecce@panitchlaw.com | dbutler@panitchlaw.com |

*Attorneys for Plaintiff, Regalo International, LLC*