

David M. Fry
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0705
dfry@shawkeller.com

June 17, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:     <u>*Regalo International, LLC v. Munchkin, Inc.*</u>, C.A. No. 15-1103-LPS-CJB

Dear Judge Burke:

    I write on behalf of Defendant Munchkin, Inc. ("Munchkin") regarding a recent factual development that bears directly on Munchkin's Motion to Disqualify Plaintiff's Counsel (D.I. 13). On Tuesday, June 14, 2016, Plaintiff Regalo International, LLC ("Regalo") filed a Motion for Pro Hac Vice Appearance of Attorney Keith A. Jones (D.I. 46), a Panitch attorney who previously billed time for work performed for Munchkin while Munchkin was a client of the Panitch firm. (D.I. 23, p. 2.) Mr. Jones explained as much in a declaration submitted in conjunction with Regalo's opposition (*see* D.I. Nos. 19, 23) to Munchkin's Motion to Disqualify the Panitch firm (D.I. Nos. 13-14). In that opposition, Regalo downplayed Mr. Jones's prior work for Munchkin in part on the basis that he was an "associate who has not entered his appearance in this matter." (D.I. 19, p. 8.) Not only does Mr. Jones now seek formal entry into this case, but he has already begun substantive work on the case, as he recently sent two e-mails regarding discovery to counsel for Munchkin. (*See* Ex. A).

                            Respectfully submitted,

                            */s/ David M. Fry*

                            David M. Fry (No. 5486)

Enclosure
Cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and Email)

# Exhibit A

| | |
|---|---|
| From: | Keith Jones <KJones@panitchlaw.com> |
| Sent: | Monday, June 13, 2016 5:10 PM |
| To: | Garrison, Cameron (LG); Dennis Butler; Bryon Wasserman; Kimberly Chotkowski; Fred Tecce |
| Cc: | Mossman, Christa (LG); McCallon, Travis (LG) |
| Subject: | RE: Regalo v. Munchkin |

Cameron,

Further to the above, we reiterate Regalo's objection to electronic discovery in this case and reserve our rights to continue this objection.

Best,
Keith


Keith Jones | Panitch Schwarze Belisario & Nadel LLP | 215.965.1379

**From:** Keith Jones
**Sent:** Monday, June 13, 2016 4:53 PM
**To:** 'Garrison, Cameron (LG)'; Dennis Butler; Bryon Wasserman; Kimberly Chotkowski; Fred Tecce
**Cc:** Mossman, Christa (LG); McCallon, Travis (LG)
**Subject:** RE: Regalo v. Munchkin

Cameron,

Thanks for outlining your suggestions for proceeding. We agree to your proposed schedule for these exchanges. Please see the attached file for Regalo's requested discovery topics.

Best,
Keith


Keith Jones | Panitch Schwarze Belisario & Nadel LLP | 215.965.1379

**From:** Garrison, Cameron (LG) [mailto:CGarrison@LATHROPGAGE.COM]
**Sent:** Monday, June 13, 2016 3:51 PM
**To:** Dennis Butler; Bryon Wasserman; Kimberly Chotkowski; Fred Tecce
**Cc:** Mossman, Christa (LG); McCallon, Travis (LG)
**Subject:** Regalo v. Munchkin

Counsel,

Based on our discussions on June 3, my understanding is that for today's disclose deadline, we are in agreement that the parties will identify categories of documents they believe should be provided, rather than custodians. The parties will then consider the other side's categories (in addition, of course, to the pending discovery requests) and then provide the list of 10 custodians as required by the District of Delaware's Default Standard for Discovery. We did not agree to a date

for the exchange of custodians, but please let me know if next Monday, June 20, 2016, is acceptable.  I assume the parties will also identify any non-custodial data sources (per Section 3.b.) and provide any notices required under section 3.c. at that time, but please let me know if you feel differently.

With respect to categories, Munchkin requests information on the following categories:

1. Development of the patents-in-suit
2. Regalo's design and development of all products it claims to be embodiments of the patent-in-suit
3. Regalo's marketing of all products it claims to be embodiments of the patent-in-suit
4. Regalo's sales of all products it claims to be embodiments of the patent-in-suit
5. Any and all secondary considerations of non-obviousness Regalo intends to assert
6. Damages allegedly suffered by Regalo
7. Prosecution efforts related to the patents-in-suit

Please note that these categories should not in any way be read as a limitation on Munchkin's RFPs.

Thanks,
Cameron

This e-mail (including any attachments) may contain material that (1) is confidential and for the sole use of the intended recipient, and (2) may be protected by the attorney-client privilege, attorney work product doctrine or other legal rules. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.