# PANITCH SCHWARZE BELISARIO & NADEL LLP
### Intellectual Property Law

DENNIS J. BUTLER
(302) 394-6006/fax: (302) 294-6031
dbutler@panitchlaw.com

June 21, 2016

**Via EFS**
The Honorable Christopher J. Burke
US District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street – Unit 28 – Room 2325
Wilmington, DE 19801

      Re:    *Regalo International, LLC v. Munchkin, Inc.*
                Civil Action No. 15-cv-1103-LPS-CJB

Dear Judge Burke:

      Plaintiff Regalo International, LLC ("Regalo") hereby responds to Defendant Munchkin, Inc.'s ("Munchkin") June 17, 2016 letter. Without legal or factual support, Munchkin argues that the *pro hac vice* admission of Keith Jones supports its deficient motion to disqualify Regalo's chosen counsel (D.I. 13).

      Considering the facts concerning Mr. Jones' previous involvement (already of record in this matter), it defies explanation as to how his *pro hac vice* motion could in any way "bear directly" on Munchkin's motion. Mr. Jones has never performed any work for Munchkin which creates any conflict with this matter. Mr. Jones spent a total of fourteen hours working on an unrelated trademark matter in 2013, never interacted with anyone at Munchkin, and never had access to any Munchkin confidential information. (D.I. 23, ¶¶ 4-5, 8-9). His admission does not make Munchkin's motion any less meritless than it was when filed. Rather than downplaying Mr. Jones's role, as Munchkin suggests, Regalo plainly admitted that Mr. Jones had expended over 25 hours on Regalo's patent matters up to that date (D.I. 23, ¶¶ 8-9). In response, Munchkin's Reply Brief makes no further mention of Mr. Jones. This is because Munchkin is fully aware that Mr. Jones's limited previous representation is completely irrelevant. Mr. Jones' involvement in the case at this point, like that of Mr. Bryon Wasserman and Ms. Kimberly Chotkowski who were recently admitted *pro hac vice* (D.I. 38), is a function of the increased activity in the case necessitated by the deadlines set forth in this Court's Scheduling Order.

PANITCH SCHWARZE BELISARIO & NADEL LLP
Intellectual Property Law

Honorable Christopher J. Burke
June 21, 2016
Page 2

  Munchkin's June 17, 2016 letter attempts to distract the Court from the legal requirement that any prior work for one client can only disqualify counsel from representing another client if the current matter is the "same or substantially related" to the prior matter(s).  *Intellectual Ventures I LLC v. Checkpoint Software Techs., Inc.*, 2011 U.S. Dist. LEXIS 154921, at *12 (D. Del. June 22, 2011).  Regalo has established, and Munchkin cannot dispute, that no work done by Mr. Jones or by the Panitch firm is related to this matter.  Munchkin's silence in its reply brief regarding Mr. Jones is a tacit admission of this fact, and Mr. Jones's *pro hac vice* application in this matter does not salvage the numerous deficiencies in its motion.

              Respectfully submitted,

              */s/ Dennis J. Butler*

              Dennis J. Butler
              DE Bar #5981

cc: All Counsel of Record (via EFS)